IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,969-01






EX PARTE IVAN RAMIREZ ESCOBEDO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W06-85789-U(A) IN THE 291ST JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
aggravated sexual assault of a child, and was sentenced to fifteen years' imprisonment. He did not
appeal his conviction. 

 Applicant contends that his plea was involuntary. According to Applicant, he had declined
the State's offer of five years' imprisonment, and the case was set for trial with punishment to be
determined by the jury. However, Applicant alleges that on the day of trial, the trial judge stated in
open court that she would give Applicant deferred adjudication under the circumstances of the
offense, if he entered an open plea to the court. On the advice of counsel, Applicant entered an open
plea. However, after hearing Applicant's testimony during the punishment hearing, the trial court
decided that Applicant was not accepting responsibility and did not deserve probation, and sentenced
him to fifteen years' imprisonment. Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex.
Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with a transcript of the plea proceedings,
if one is available. The trial court shall make findings of fact specifically as to whether the trial court
ever affirmatively stated that Applicant would receive deferred adjudication if he entered an open
plea to the court. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 25, 2008

Do not publish